979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES, Plaintiff/Appellee,
v.
Gloria ESTRADA, Defendant/Appellant.
 No. 92-1433.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 17, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Gloria Estrada appeals from her conviction of conspiracy to possess with intent to distribute heroin and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 21 U.S.C. § 841(a)(1), and requests a new trial. Ms. Estrada challenges the district court's denial of her motion to continue her trial until after the sentencing hearing of one of her co-defendants, whom Ms. Estrada intended to call as a witness on her behalf. Ms. Estrada claims that the district court's ruling constitutes an abuse of discretion, infringing on her Sixth Amendment right to compulsory process for obtaining witnesses in her favor. Finding no abuse of discretion, we affirm the district court's ruling.
 
 I. FACTS
 
 2
 Between August 26, 1991 and September 7, 1991, a federal undercover agent placed a series of telephone calls to the residence of Ms. Estrada asking to speak to Mr. Hurtado for the purpose of purchasing heroin. On several occasions when Mr. Hurtado was not at home, Ms. Estrada passed on messages from the agent to Mr. Hurtado. Drugs were not explicitly mentioned by the agent during these brief conversations with Ms. Estrada. On September 7, 1991, Ms. Estrada was arrested in a car at a gas station near Racine, Wisconsin when she gave a paper cup containing heroin to a federal agent. Co-defendant Mr. Hurtado, who was present during this transaction, was arrested outside the car when he accepted a brief case containing $18,000.00 in exchange for the heroin.
 
 
 3
 A federal grand jury returned a three-count indictment against Manual Hurtado, Gloria Estrada, and Julio Ortiz. Count One charged Mr. Hurtado, Ms. Estrada and Mr. Ortiz with conspiracy to distribute and possession with intent to distribute a mixture containing more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count Two charged Mr. Hurtado with distribution of one ounce of heroin in violation of 21 U.S.C. § 841(a)(1), and Count Three charged Mr. Hurtado, Ms. Estrada and Mr. Ortiz with distribution of five ounces of heroin in violation of the same statute. Mr. Ortiz, who allegedly supplied the heroin, has not been apprehended during the time relevant to this appeal. Mr. Hurtado pleaded guilty to Count One of the indictment on November 5, 1991, and his sentencing hearing was scheduled for February 26, 1992. Ms. Estrada pleaded not guilty to Counts One and Three, and her trial was set to begin on November 25, 1991.
 
 
 4
 On November 21, 1991, Ms. Estrada filed a motion for a continuance, requesting that her trial date be reset to a date following Mr. Hurtado's sentencing hearing. In late October, 1991, Mr. Hurtado informed Ms. Estrada that he would be willing to testify that Ms. Estrada was not involved in any conspiracy to distribute heroin and did not intentionally take part in distributing heroin on September 7, 1991, as charged. Mr. Hurtado also said he would testify that Ms. Estrada's motive for being with him that day was to obtain a ride from him to Chicago to pick up two of their children who had been vacationing with relatives. Ms. Estrada, through her counsel, prepared an affidavit attesting to these facts, and sent it to Mr. Hurtado's attorney. Mr. Hurtado informed Ms. Estrada that although he found the affidavit acceptable, on advice of counsel he declined to sign it, and would not agree to testify until after his sentencing hearing because to do so could potentially incriminate him. Ms. Estrada then moved for a continuance.
 
 
 5
 On November 25, 1991 at a hearing immediately preceding the start of Ms. Estrada's jury trial, the district court denied her motion for a continuance, stating that there was no legal basis for postponing Ms. Estrada's trial until after Mr. Hurtado's sentencing hearing.[1] Earlier that day, the district court had questioned Mr. Hurtado concerning the proposed unsigned affidavit. Two potential problems were highlighted during that hearing. First, Mr. Hurtado was concerned that if he testified on behalf of Ms. Estrada, on cross-examination he might be forced to incriminate himself by testifying to activities beyond those alleged in the original indictment. Although this was highly unlikely to occur, since any such questioning would be beyond the scope of the proposed direct examination of Mr. Hurtado, the court indicated that Mr. Hurtado would be able to invoke the Fifth Amendment and decline to answer an incriminating question. Second, and more importantly, Mr. Hurtado was concerned that his testimony on behalf of Ms. Estrada, by contradicting that of the government's witnesses, would be perceived as false, and that the court would take this into consideration at the time of his sentencing. The court explicitly assured Mr. Hurtado that as long as his testimony was truthful, it would have no adverse effect upon his sentence. Despite the court's assurances, Mr. Hurtado remained unwilling to testify. Determining that no purpose would be served by delaying the trial, the court then denied Ms. Estrada's motion to postpone her trial until after Mr. Hurtado's sentencing hearing.
 
 
 6
 Ms. Estrada proceeded to a jury trial lasting two days. Ms. Estrada appeared as a witness in her own defense, and her seventeen year old daughter appeared as a character witness. Ms. Estrada testified that she did not intentionally participate in the heroin sale, and that her sole motive for accompanying Mr. Hurtado the day they were apprehended was to obtain a ride from him to pick up their children. The jury found Ms. Estrada guilty on Counts One and Three of the indictment. Ms. Estrada filed a timely notice of appeal seeking a new trial on both counts.
 
 II. ANALYSIS
 
 7
 In deciding whether to grant a continuance, a district court may use broad discretion. Our review is limited to whether the district court abused its discretion when it denied the defendant's motion for continuance. United States v. Withers, No. 89-3006, slip op. at 16 (7th Cir. August 14, 1992); United States v. Tanner, 941 F.2d 574, 585 (7th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1190 (1992); United States v. Rodgers, 755 F.2d 533, 539 (7th Cir.) cert. denied, 473 U.S. 907, 105 S.Ct. 3532 (1985).
 
 
 8
 In ruling on a motion for a continuance based on the unavailability of a witness, the district court must consider four factors: (1) whether due diligence has been exercised to obtain the attendance of the witness; (2) whether substantial favorable evidence would be tendered by the witness; (3) whether the witness is available and willing to testify; and (4) whether the denial of the continuance would materially prejudice the defendant. United States v. Kamel, 965 F.2d 484, 498 n. 43 (7th Cir.1992); United States ex rel. Searcy v. Greer, 768 F.2d 906, 913 (7th Cir.), cert. denied, 474 U.S. 996, 106 S.Ct. 412 (1985); Rodgers, 755 F.2d at 541.
 
 
 9
 Our review of the record convinces us that the district court did not abuse its discretion. First, there is considerable doubt whether Mr. Hurtado is a willing witness in defense of Ms. Estrada, since he refused to testify despite the district court's express assurances that any truthful testimony he might offer would not be held against him at sentencing. The district court further made it clear that it would not interfere with Mr. Hurtado's Fifth Amendment right to refuse to answer any potentially incriminating questions concerning matters outside of the indictment.
 
 
 10
 These facts also raise some doubt as to whether Mr. Hurtado would be able to provide substantial favorable evidence on Ms. Estrada's behalf, which the unsigned affidavit prepared and presented by Ms. Estrada's counsel fails to dispel. If Mr. Hurtado had substantial favorable evidence to which he could truthfully testify, to have done so at Ms. Estrada's trial as originally scheduled would have been no different than doing so after his sentencing hearing. Furthermore, denial of the continuance did not prejudice Ms. Estrada, since it did not prevent her from presenting her defense or attacking the strength of the government's case through her own testimony. See Searcy, 768 F.2d at 913. Moreover, as concerns the diligence of Ms. Estrada's counsel in obtaining Mr. Hurtado's testimony, we note that a request for subpoena is nowhere mentioned. Rather than being denied her Sixth Amendment right to compulsory process for obtaining witnesses in her favor, it appears that Ms. Estrada ultimately chose to forgo that right.
 
 CONCLUSION
 
 11
 We conclude that Ms. Estrada has failed to demonstrate that the district court abused its discretion in denying her motion for a continuance. Accordingly, the district court's decision is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although the district court noted that the motion had not been timely filed, the court also indicated that it had considered the motion on its merits